UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| DALE AINSLEY LEO EWERS,  )<br>                              )<br>            Plaintiff,     )<br>                              )<br>       v.                    )<br>                              )<br> MASSACSHUSETTS GENERAL HOSPITAL, )<br> MASSACHUSETTS GENERAL HOSPITAL   )<br> OPHTHALMOLOGY AND HEART INSTITUTE, )<br> AND MASSACHUSETTS GENERAL HOSPITAL )<br> TRUST.                       )<br>                              )<br>            Defendant.     )<br>                              ) | CIVIL ACTION<br>NO. 22-10962-WGY |

YOUNG, D.J.                                             October 17, 2022

**ORDER**

1.   Plaintiff Dale Ainsley Leo Ewers ("Ewer's) motion to proceed in forma pauperis (EFC No. 8) is CONDITIONALLY ALLOWED, and the earlier motion to proceed in forma pauperis (ECF No. 4) is DENIED as MOOT.  Although Ewers may be otherwise ineligible to proceed in forma pauperis as a "three strike" litigant pursuant to 28 U.S.C. § 1915(g), see Ewers v. Pettus, Civ. No. 22-61444-CV-ROSENBERG, (Aug. 10, 2022 S.D. Fla.) (Rosenberg, J.), August 10, 2022 Order of Dismissal (identifying Ewers as a three strike plaintiff and collecting dismissed cases), the allegations with respect to Ewers's health might satisfy the exception to this rule where a "prisoner is under imminent

danger of serious physical injury." Id.  Pursuant to 28 U.S.C. § 1915(b)(1), because Ewers has been without funds for six months prior to the filing of the complaint, and has no funds in his prison account, the Court does not assess an initial filing fee. The $350 filing fee shall be collected in accordance with 28 U.S.C. § 1915(b)(2).  The Clerk shall send a copy of this Order to the Treasurer's Office at the Metrowest Detention Center, along with the standard Notice to Prison form.

Because Ewers is proceeding in forma pauperis, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2). That statute authorize the federal courts to dismiss an action in which a plaintiff seeks to proceed without prepayment of the filing fee if, among other things the action frivolous or fails to state a claim on which relief may be granted.  See Id.  In conducting this review, the Court liberally construes Ewer's complaint because he is proceeding pro se. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Haines v. Kerner, 404 U.S. 519, 520 (1972); Instituto de Educacion Universal Corp. v. U.S. Dept. of Education, 209 F.3d 18, 23 (1st Cir. 2000).

2.   Ewers shall by **November 18, 2022** file an amended complaint that -- in addition to addressing whether he is under imminent danger of serious physical injury -- complies with the basic pleading requirements of the Federal Rules of Civil

2

Procedure or this action will be DISMISSED pursuant to 28 U.S.C. 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2) (emphasis supplied), and "'give [each] defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). That is, a "complaint should at least set forth minimal facts as to who did what to whom, when, where, and why -- although why, when why means the actor's state of mind, can be averred generally." Educadores Puertorriqueños en Acción v. Hernandez, 367 F.3d 61, 68 (1st Cir. 2004). Although "the requirements of Rule 8(a)(2) are minimal ... [,] 'minimal requirements are not tantamount to nonexistent requirements.'" Id. (quoting Gooley v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir.1988)).

Here, Ewers's complaint is vague and conclusory. In it, Ewers claims he was treated "numerous times at the Massachusetts General Hospital" in the "optomology", "sleep apnea", "podiatrist" and "heart monitoring departments." Compl. 2, ECF No. 1. Ewers claims he received numerous prescriptions and was hospitalized under the name of "Patrick Everette Theodore Ewers." Id. Ewers alleges that the "heart of this lawsuit"

3

concerns loss of his medical records, effectiveness of CPAP machine, and diagnosis of an enlarged heart.  Ewers claims that he requested to be put on a heart transplant list, but that the forms were not provided, and he was not placed on the list.  Id. 2-3.  He alleges that as an "American black male . . . it is not as profitable to provide plaintiff with a new heart" or provide his medical records.  Id.  Ewers seeks defendants counsel's addresses and telephone numbers, immediate copies of all medical records, placement on the heart transplant list, and damages.  Id.  The above claims are not sufficiently pleaded with detail to enable the defendants to respond.

Ewers is provided an opportunity to amend his complaint.  An amended complaint must clearly identify the claims and relief he seeks and must provide sufficient factual bases for each of the elements of the claims that he asserts.  The claims in the amended complaint must be set forth "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).  He must identify all of the defendants in the caption.  Fed. R. Civ. P. 10(a). Because an amended complaint completely supersedes the original complaint, and is a stand-alone document, Ewers should repeat in his amended complaint any allegations in the original complaint that he wishes to be part of the operative complaint. See Connectu LLC v. Zuckerberg, 522 F.3d 82, 91 (1st Cir. 2008). The

4

amended complaint will be further screened pursuant to 28 U.S.C. § 1915(e)(2)(B).

3. Ewers's request for appointment of a public defender contained in the complaint is construed as a motion for appointment of pro bono counsel and is DENIED without prejudice. Although pursuant to the 28 U.S.C. §1915(e)(1), the Court "may request an attorney to represent any person unable to afford counsel," it is well settled that "[t]here is no absolute constitutional right to a free lawyer in a civil case." DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991). The First Circuit has held that a court's denial of a motion to appoint counsel is subject to reversal if: (1) a plaintiff is indigent; and, (2) exceptional circumstances exist such that the denial of counsel will result in a fundamental unfairness impinging on his due process rights. Id.; 28 U.S.C. 1915(e)(1). At this stage of the proceedings, the motion is premature and, on this record, Ewers has not yet demonstrated "exceptional circumstances" that warrant appointment of counsel.

4. Ewers's Motion for a Copy of the Dockets (ECF No. 10) is hereby ALLOWED in part only to the extent that the Clerk is directed to send a copy of the docket to Ewers, and DENIED without prejudice as to the remaining relief requested.

5. Ewer's July 11, 2022 Letter (ECF No. 6) is construed as motion and DENIED without prejudice. To the extent that there are any hearings in this action, Ewers will be notified and

arrangements made for attendance by video conference if possible. To the extent that Ewers attempts to amend his complaint through this document, he is by this order required to amend his complaint.

6.   Failure to comply with this Order will likely result in dismissal of this action.  Summonses shall not issue unless further ordered by the Court.


**SO ORDERED.**


                                        /s/ William G. Young
                                        WILLIAM G. YOUNG
                                        DISTRICT JUDGE